[Crim. No. 1139.  First Appellate District, Division Two.—June 9, 1924.]

## THE PEOPLE, Respondent, v. CHARLES B. SMITH, Appellant.

[1] CRIMINAL LAW—ISSUING FICTITIOUS CHECK—MISCONDUCT OF DISTRCT ATTORNEY—EVDENCE.—In a prosecution for a violation of section 476a of the Penal Code, the assignment that the district attorney committed error in stating to the jury at the opening of the trial that he intended to prove two other similar offenses by defendant, but that no effort was made to prove these, is not supported by the record, where it appears that the district attorney did attempt to prove one of the other offenses referred to in his opening statement.

[2] ID.—STATEMENTS OF COUNSEL—EVIDENCE—INSTRUCTIONS.—In such prosecution, error may not be predicated upon the failure of the trial court to instruct the jury that statements made by counsel should not be considered as evidence, where no request was made for an instruction covering such point.

[3] ID.—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—In such prosecution, it is not error to deny defendant's motion for a new trial on the ground of newly discovered evidence, where the alleged newly discovered evidence is merely cumulative of the testimony which was offered by defendant at the time of the trial, and no reason is shown why the new witnesses were not produced at the time of the trial.

---

(1) 17 **C. J.**, p. 182, sec. 3479.   (2) 16 **C. J.**, p. 915, sec. 2269 (Anno.).   (3) 16 **C. J.**, pp. 1199, 1201, sec. 2727.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial. George Samuels, Judge.  Affirmed

The facts are stated in the opinion of the court.

Harold D. Perry for Appellant.

---

1.  See 8 **Cal. Jur.** 621; 2 **R. C. L.** 242.

2.  See 8 **Cal. Jur.** 309; 2 **R. C. L.** 75.

3.  What is cumulative evidence within rule excluding it when offered in support of motion for new trial, note, **Ann. Cas.** 1913D, 157.   See, also, 20 **Cal. Jur.** 94; 20 **R. C. L.** 297.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

NOURSE, J.—Defendant was charged with the violation of section 476a of the Penal Code, consisting in his passing, for a valuable consideration, in the city of Oakland, a check which he had drawn upon a bank in which he had neither funds nor credit. All the elements of the crime were proved ·by the prosecution by competent evidence which was not contradicted. The only defense offered by the defendant was an alibi to the effect that on the day the check was passed he was ill at the home of his mother in the city of Oakland. On this showing the jury found the defendant guilty as charged in the information. He moved for a new trial, which was denied, and he now appeals from the judgment following the verdict and from the order denying his motion for a new trial.

Three grounds are raised on the appeal: (1) That the district attorney committed error in stating to the jury at the opening of the trial that he intended to prove two other similar offenses by the appellant, but that no effort was made to prove these; (2) that the court failed to instruct the jury that statements made by counsel should not be considered as evidence; and (3) that the court should have granted a new trial on the ground of newly discovered evidence.

[1] (1) As to the first assignment, it appears that appellant is not supported by the record. The district attorney did attempt to prove one of the other offenses referred to in his opening statement as having been committed by the appellant at about the same time that the offense for which he was on trial was committed. [2] (2) As to the second assignment, we find that no request was made for an ·instruction covering the precise point mentioned. But in addition to this, we have examined the instructions given by the trial court and find that on the whole the jury was fairly and fully instructed. [3] (3) As to the third assignment, the appellant failed to show any reason why the new witnesses had not been produced at the time of the trial. Furthermore, the evidence which is referred to as having been newly discovered was merely cumulative of the testimony which was offered by the appellant at the time of the

trial, and we are satisfied that the trial court committed no error in denying the motion on the grounds which were presented.

Judgment and order affirmed.

Sturtevant, J., and Langdon, P. J., concurred.